```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DWANE L. FRYE, Jr.,
                    Plaintiff,              06-CV-6558T[1]

v.                                           DECISION
                                             and ORDER
JOANNE B. BARNHART,
Commissioner of Social Security,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff, Dwane Frye ("Frye") filed this action pursuant to the Social Security Act, codified at 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("Disability"), and Supplemental Security Insurance ("SSI"). On November 3, 2003, the Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On February 27, 2004, plaintiff cross-moved for judgment on the pleadings.

For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence. Accordingly, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

---

[1]This case (formerly civil case 03-CV-0162A(SR)) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court, Western District of New York, by Order dated November 2, 2006.

BACKGROUND

Frye first applied for disability benefits on June 19, 1995 claiming that he was disabled by a brain hemorrhage at birth and back pain. (Tr. 70-73)  The claim was denied and plaintiff filed a Request for Reconsideration on August 8, 1995. (Tr. 77-78)  By Notice dated August 18, 1995, plaintiff's claim was denied and no further appeal was taken. (Tr. 82-83)

Plaintiff again applied for SSI benefits on October 30, 1998 claiming that he was disabled by a back injury and brain damage that caused him to work and think slowly.  By Notice dated February 22, 1999, the application was denied. (Tr. 236-239)  Frye submitted a Request for Reconsideration By Notice dated April 20, 1999 which was denied July 7, 1999. (Tr. 240-243) Plaintiff appealed this decision and requested a hearing.  Following a hearing held on July 25, 2000 during which plaintiff testified and was represented by counsel, the ALJ found that plaintiff was not disabled by decision dated February 7, 2001. (Tr. 10-21)  After the Appeals Council denied plaintiff's request for review on January 17, 2003, the decision became final and plaintiff commenced this action on February 26, 2003.(Tr. 4) Because plaintiff was found to be disabled based on a third claim filed on June 18, 2003, this appeal relates solely to the claim for benefits during the time period of October 30, 1998 through October 28, 2003.

## DISCUSSION

Frye is a 50 year old male with a tenth grade education after which he earned his General Equivalency Diploma. (Tr. 30-39) His past work history includes working as a porter in a nursing home, stock work in a department store and as a cab driver. (Tr. 36) Plaintiff's medical difficulties include back problems as well as brain damage caused by a brain hemorrhage at birth.

Plaintiff underwent a post lumbar laminectomy in December 1982. (Tr. 124) In 1987, plaintiff's neurologist, Dr. Young Yu, treated plaintiff for low back pain recommended that plaintiff should limit climbing and lifting no more than 20 pounds. Further, Dr. Yu told Frye to consider vocational rehabilitation. (Tr. 122-125) X-rays and a CT scan in 1989 revealed no significant spinal stenosis. In 1990 Frye was admitted to the hospital for traction, analgesics and physical therapy. (Tr. 140-143)

In 1998 Dr. Kalaiselvi Rajendran treated Frye for depression and psychomotor retardation with impaired insight and judgment. (Tr. 364) Dr. Rajendran noted that plaintiff had limited concentration and concluded that Frye was unable to work due to depression, anxiety, and mood irritability. An independent consultative exam in December, 1998 by Dr. Robert Kamman found no evidence of any disorganization or disordered thinking. (Tr. 388-391) Plaintiff's full scale I.Q. was determined to be 84 but plaintiff was able to comprehend language and express thoughts at

a level "slightly underdeveloped" when compared with other adults his age. (Tr. 390) Plaintiff was found to be able to follow directions. Frye was found to not have "any psychological or mental impairment that would interfere with his ability to work." (Tr. 391)  In June, 1999, plaintiff was examined by Dr. Donna Czarnecki who found long-standing developmental delays. She observed problems with attention and memory and found plaintiff to read at a fourth grade level. (Tr. 521-524)

State psychologists concurred with the opinion that plaintiff's mental impairment was not severe. (Tr. 392)  In fact, a State agency physician opined that plaintiff was able to frequently lift and carry up to 25 pounds and sit for less than six hours in an eight hour day. (Tr. 404, 410).  In July, 1999, plaintiff's own physical therapist reported that Frye was able to perform light work because he could frequently lift and carry up to 15 pounds, sit for two to four hours in an eight hour day and stand for one to two hours in a day. (Tr. 470-471)

Pursuant to 42 U.S.C. § 405(g), the factual findings of the Commissioner are conclusive when they are supported by substantial evidence. Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980).  A disability is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual's physical or mental impairment is not

disabling under the Act unless it is:

> of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. §§ 423(d)(2)(A), 1383(a)(3)(B). Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

In evaluating disability claims, the Commissioner is required to sue the five step process promulgated in 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner must determine whether the claimant is engaged in any substantial gainful activity.  Second, if the claimant is not so engaged, the Commissioner must determine whether the claimant has a "severe impairment" which significantly limits his ability to work.  Third, if the claimant does suffer such an impairment, the Commissioner must determine whether it corresponds with one of the conditions presumed to be a disability by the Social Security Commission.  If it does, then no further inquiry is made as to age, education or experience and the claimant is presumed to be disabled.  If the impairment is not the equivalent of a condition on the list, the fourth inquiry is whether the claimant is nevertheless able to perform his past work.  If he is not, the fifth and final inquiry is whether the claimant can perform any other work.  Bush v. Shalala, 94 F.3d 40, 44-45 (2d Cir. 1996).

5

The ALJ found that plaintiff 1) had not engaged in substantial gainful activity since the date of disability, October 14, 1998; (2) that plaintiff had impairments that were severe; (3) that plaintiff did not have an impairment that met or medically equaled the listed impairments in Appendix 1, subpart P, Regulation No. 4; (4) that plaintiff could no longer perform any of his past relevant work; and that (5) plaintiff had the residual functional capacity to perform substantially the full range of sedentary work and most work at the light exertional level. (Tr. 20)

The ALJ dismissed Dr. Czarnecki's opinion that plaintiff was disabled from engaging in gainful employment because Dr. Czarnecki based her opinion on plaintiff's claims that he was unable to hold a job.  The ALJ points to the fact that plaintiff worked as a porter from 1977 through 1986, only leaving the job because of physical limitations from lifting weight, as evidence that plaintiff could indeed hold a job.  Further, the ALJ found that Dr. Czarnecki's opinion of developmental disability based on low average IQ and a fourth grade reading level to be inconsistent with plaintiff's earning his high school equivalency diploma.

The ALJ based his conclusions as to plaintiff's residual functional capacity on both the medical records as well as Frye's own testimony that he could sit for up to two hours at a time, stand and walk occasionally and lift 20 pounds.  Plaintiff's age, education, and residual functional capacity were viewed in

6

conjunction with the Medical Vocational Guidelines of Appendix 2 of Subpart P of the Regulations which directed a finding that plaintiff would be capable of a reduced range of light level, unskilled work and the full range of sedentary work. (Tr. 19)

There is substantial evidence to support the ALJ's conclusion that plaintiff could perform the full range of sedentary work and a substantial range of light work.  In fact, the medical notes are clear that plaintiff was able to perform work that required sitting at least two hours , stand and walk up to two hours and lift and carry up to 20 pounds occasionally as concluded by the ALJ.  A Residual Functional Capacity Assessment dated February 19, 1999 found that plaintiff could lift 50 pounds occasionally, frequently lift 25 pounds and stand or walk about 6 hours in an eight hour workday. (Tr. 404)  Plaintiff could sit less than 6 hours and had unlimited ability to push and pull.  Plaintiff's own neurologist found that plaintiff could lift up to 20 pounds. (Tr. 125)  In 1995, Dr. Derkatz found plaintiff to have no limitations with lifting, carrying, standing and sitting. (Tr. 360)

Plaintiff argues that the ALJ improperly relied on the opinion of the non-treating physician Dr. Kamman giving his opinion greater weight than that of Dr. Rajendran.  Dr. Rajendran concluded that plaintiff was disabled because plaintiff could not "cope with his job." (Tr. 362)  The opinions of treating sources are only entitled to controlling weight if they are well supported and not

7

contradicted. 20 C.F.R. §§ 404.1527 and 416.927. While Dr. Rajendran does opine that plaintiff suffered from anxiety, lack of motivation, irritability and depression, she placed him on prescription medication, Paxil and later Xanax and Tegretol to treat the symptoms. (Tr. 365, 578)  In fact, Frye himself testified that these prescriptions keep his symptoms "under control." (Tr. 53)  Dr. Rajendran described Frye as angry and frustrated with his inability to obtain disability payments and he pressured her and other physicians to get disability payments for him. (Tr. 424-436, 505-517, 575-580, )

With the exception of Dr. Rajendran's conclusory opinion that plaintiff is disabled, virtually every other physician and Frye's physical therapist agree with Dr. Kamman that plaintiff was not totally disabled. An independent psychologist, Dr. Ralph Sibley, found in 1999 that plaintiff did not have any severe impairments, although he did find that Frye showed symptoms of mood disturbance. (Tr. 411-418)  In July, 1999, plaintiff's own physical therapist reported that plaintiff could perform light work, being able to lift 20 pounds and lift or carry objects weighing up to 10 pounds frequently. (Tr. 466-467)  He further found plaintiff to be able to sit two to four hours, stand one to two hours and walk up to one hour. (Tr. 467)

Finally, plaintiff's own testimony confirmed the medical reports.  He claimed that the medication keeps him "under control"

as a result of irritations or anxiety. (Tr. 53)  Frye cleaned his own apartment, took care of his daily living needs and even cared for two pet cockatiels and a fish. (Tr. 60) Plaintiff testified that he could sit an hour or two, could lift up to 20 pounds and can walk without resting a quarter of a mile. (Tr. 61)

## CONCLUSION

This Court finds that there is substantial evidence in the record to support the ALJ's conclusion that plaintiff is not disabled within the meaning of the Social Security Act. Accordingly, the Commissioner's motion for judgment on the pleadings is granted and the Complaint is dismissed.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         November 28, 2006